UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ANGELO ROBINSON, | : | Case No. 1:14-cv-115 |
| | : | |
| Plaintiff, | : | Judge Timothy S. Black |
| | : | |
| vs. | : | |
| | : | |
| WANZA JACKSON, | : | |
| | : | |
| Defendant. | : | |

## ORDER GRANTING DEFENDANT'S MOTION
## FOR JUDGMENT ON THE PLEADINGS (Doc. 18)

This civil action is before the Court on Defendant Wanza Jackson's motion for

judgment on the pleadings (Doc. 18) and the parties' responsive memoranda (Docs. 19,

20).

## I.    FACTS AS ALLEGED IN THE COMPLAINT

Plaintiff is a thirty-seven year old resident of the United States who is currently in

the custody of the Ohio Department of Rehabilitation and Correction ("ODRC"),

incarcerated at the London Correction Institution ("LCI").[1]  (Doc. 13 at PageID 183).

Plaintiff claims that he is a devout Muslim who has practiced his faith for the last twenty-

one years.  (*Id.* at ¶ 2).  In accordance with his religious beliefs, Plaintiff believes he must

restrict his diet to Halal food only.  (*Id.* at ¶ 2).

---

[1] When this case was filed, Plaintiff was incarcerated at Warren Correctional Institution ("WCI").  On
March 4, 2014, Plaintiff was transferred to LCI.  (Doc. 13 at PageID 183).

Muslims believe the *Qur'an*, often called the *Koran*, contains the teachings of Allah (Arabic for God).[2]  The *Qur'an* remains the text which provides guidance and moral direction to Muslims in their practice of their faith.  The Surah Al-Ma'idah, the fifth chapter of the *Qur'an*, is Arabic for "The Table Spread with Food."[3]  The third verse of Al-Ma'idah reads: "[f]orbidden to you for food are: . . . blood, the flesh of swine, and the meat of that which has been slaughtered as a sacrifice for others than Allah."  *Id.*  Muslims who follow Halal rules eat meat slaughtered in accordance with Islamic law (*i.e.*, by slitting the animal's neck and allowing the blood to drain) and refrain from eating pork, food containing alcohol, and any food contaminated with pork or alcohol according to the third, fourth, and fifth verses of Al-Ma'idah.  *Id.*  Not all Muslims eat Halal, just as not all Jewish people choose to eat kosher meals.  However, some Muslims feel strongly that eating only Halal food is required as an expression of their religious beliefs.

On several occasions, Plaintiff requested that Defendant provide him with Halal meals.  (Doc. 2, Ex. A at ¶ 5).  These requests were denied because "the department provides a vegetarian meal."  (*Id.*, Ex. A-1).

Plaintiff alleges three causes of action: (1) violation of the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), alleging that Defendant has substantially

---

[2] *Islam Basics,* Islamic Center of Greater Cincinnati, http://www.cincinnatiislamiccenter. org/islam_basics.html (last visited January 29, 2014).

[3] *Surah Al-Ma'idah (The Table Spread with Food)*, NobleQuran.com, http://www.dar-us-salam.com/TheNobleQuran/surah5.html (last visited January 29, 2014).

burdened Plaintiff's sincerely held religious beliefs by refusing to accommodate his request for Halal meals; (2) violation of his First Amendment rights, alleging that by denying him Halal meals, which represent a fundamental tenet of his faith, Defendant is impeding his ability to freely exercise his religion; and (3) violation of the Equal Protection Clause of the Fourteenth Amendment, alleging that by granting kosher meals to Jewish inmates, while denying Halal meals to Muslim inmates, Defendant is singling out Muslim inmates, like Plaintiff, for unfair and intentional discriminatory treatment.

## II.    STANDARD OF REVIEW

A motion for judgment on the pleadings uses the same standard of review as a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), which permits dismissal of a complaint for "failure to state a claim upon which relief can be granted."  *Vandenheede v. Vecchio*, No. 13–1253, 2013 WL 5433467, at *2 (6th Cir. Oct. 1, 2013).  To show grounds for relief, Fed. R. Civ. P. 8(a) requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

While this standard "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). Pleadings offering mere "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Id.*  (citing *Twombly*, 550 U.S. at 555).  In fact, in determining a motion for judgment on the pleadings, "courts 'are not bound to

accept as true a legal conclusion couched as a factual allegation'[.]" *Twombly*, 550 U.S. at 555 (*citing Papasan v. Allain*, 478 U.S. 265 (1986)). Further, "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]" *Id.*

Accordingly, "[t]o survive a motion [for judgment on the pleadings], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678. A claim is plausible where "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief,'" and the claim shall be dismissed. *Id.* (*citing* Fed. R. Civ. P. 8(a)(2)).

## III.    ANALYSIS

Defendant states that she is entitled to judgment on the pleadings because Plaintiff does not state a plausible claim for relief under the First Amendment, RLUIPA, or the Equal Protection Clause.

The crux of Plaintiff's claims is that he is being denied a Halal diet. However, it is undisputed that Plaintiff is served vegetarian meals which accommodates his Halal diet. The Sixth Circuit expressly determined that vegetarian meals are Halal. *Abdullah v.*

4

*Fard*, No. 97-3953, 1999 U.S. App. LEXIS 1466, at \*3 (6th Cir. Jan. 28, 1999).

Accordingly, Plaintiff is not denied Halal because he is provided with a vegetarian

option.[4]  Accordingly, Plaintiff fails to state a claim as a matter of law.

## A. First Amendment

Inmates retain the First Amendment right to exercise their religion subject to

reasonable restrictions and limitations.  *Cruz v. Beto*, 405 U.S. 319, 322 (1972).  The

right to a religious diet is not absolute, but is subject to reasonable limits in the context of

prison regulations.  While "[p]rison administrators must provide an adequate diet without

violating the inmate's religious dietary restrictions . . . [i]f the prisoner's diet . . . is

sufficient to sustain the prisoner in good health, no constitutional right has been

violated."  *Colvin v. Caruso*, 605 F.3d 282, 290 (6th Cir. 2010).

Plaintiff alleges that Defendant is impeding his ability to freely exercise his

religion by denying him Halal meals, which are a fundamental tenet of his faith.  (Doc. 1-

2 at PageID 15).  Halal is simply food that does not contain alcohol or pork, and includes

only meat that is slaughtered according to Islamic law.  (Doc. 4 at ¶ 11).  ODRC serves

Plaintiff a vegetarian diet, which does not contain alcohol, pork, or meat.  (Doc. 4-1, Ex.

A at PageID 52).  Therefore, the vegetarian meal is Halal.  *Abdullah*, 1999 U.S. App.

---

[4] In his motion for injunctive relief, Plaintiff alleged, in part, that given his medical conditions, the vegetarian diet was not "sufficient to sustain" him in good health.  (Doc. 2, Ex. A at ¶¶ 6-7).  However, Plaintiff never plead this allegation in his complaint and abandons it in his memorandum *contra* the motion for judgment on the pleadings.

LEXIS 1466 at 3.[5]  The fact that Plaintiff's requests for a Halal diet have been repeatedly denied because a vegetarian option is available does not "concede" that vegetarian meals are not Halal.  (Doc. 19 at 3).  Plaintiff's "accommodation requests" were denied because he was being served vegetarian meals which are Halal.

There is no constitutional right to meat.  Federal courts have consistently recognized that a failure to provide Halal meat does not amount to a substantial burden on religious exercise when vegetarian options are available.  *See e.g.*, *Patel v. U.S. Bureau of Prisons*, 515 F.3d 807 (8th Cir. 2008).  "Plaintiff may prefer Halal meat entrees over the vegetarian and non-meat substitutes provided, but his food preferences, as a prisoner may be limited."  *Sareini v. Burnett*, Nos. 08-13961-BC, 08-13961, 2011 U.S. Dist. LEXIS 34525, at *15 (E.D. Mich. Mar. 31, 2011).  Plaintiff has no right to choose the items on his menu, including meat that is slaughtered in accordance with Islamic law.  *Spies v. Voinovich*, 173 F.3d 398, 506 (6th Cir. 1999) ("[T]he fact that Plaintiffs dislike the alternate diet available does not render it unreasonable or legally deficient.").

---

[5] In *Abdullah v. Fard*, 974 F. Supp. 1112, 1117–1119 (N.D. Ohio 1997), a Muslim inmate at LCI argued that his First Amendment and Equal Protection rights were violated because he was served a vegetarian meal instead of a Halal diet.  The district court held and the Sixth Circuit affirmed that: (1) plaintiff's religion was not substantially burdened because a vegetarian meal "is reasonably and constitutionally adequate"; (2) the policy not to provide Halal meat was reasonably related to a legitimate penological interest: providing a special diet to one subset of a faith group could lead to a barrage of similar requests from other inmates; and (3) the fact that Jewish inmates received kosher food – including meat – while Muslims did not receive meat, does not prove that a discriminatory purpose exists.  *Id.*  The court found that because "the number of Jewish inmates requesting kosher meals is small and Ohio suppliers are available to meet the demand for kosher food for those few inmates at a reasonable cost," a non-discriminatory purpose is established.  *Id.*

Therefore, since Plaintiff is served a nutritionally adequate Halal diet, he cannot state a claim for relief under the First Amendment.

## B. RLUIPA

Under RLUIPA, the inmate must present *prima facie* evidence that prison officials have substantially burdened his religious exercise. 42 U.S.C. § 2000cc-2(b). RLUIPA states:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution…even if the burden results from a rule of general applicability, unless the government demonstrates that the imposition of the burden on that person –
>
> (1) Is in furtherance of a compelling governmental interest; and
> (2) Is the least restrictive means of furthering that compelling governmental interest.

42 U.S.C. § 2000cc-2(a). "As with a First Amendment claim, the sincerity of the Plaintiff's beliefs forms part of a RLUIPA inquiry." *Horacek v. Burnett*, 07-11885, 2008 U.S. Dist. LEXIS 19930, at *5 (E.D. Mich. Aug. 19, 2008). The burden then shifts to the government to demonstrate that the compelling interest test is satisfied. 42 U.S.C. § 2000cc-2(b).

RLUIPA is not intended to give courts free rein to substitute their own judgment for those of corrections professionals in matters related to institutional security and operations. Lawmakers supporting RLUIPA anticipated that courts would apply RLUIPA with "due deference to the experience and expertise of prison and jail administrators in establishing necessary regulations and procedures to maintain good

order, security, and discipline, consistent with consideration of costs and limited resources." *Cutter v. Wilkinson*, 544 U.S. 709, 723 (2005).  Thus, RLUIPA does not "elevate accommodation of religious observances over an institution's need to maintain order and safety," nor does it "override other significant interests."  *Id.*

Plaintiff specifically alleges in his complaint that Defendant has substantially burdened Plaintiff's sincerely held religious beliefs by refusing to accommodate his request for Halal meals.  (Doc. 1-2 at PageID 14).  To make a *prima facie* showing that his religious exercise was "substantially burdened," Plaintiff must contend that his faith requires a specific practice.  *See Weinberger v. Grimes*, No. 07-6461, 2009 U.S. App. LEXIS 2693, at *4-5 (6th Cir. Feb. 10, 2009).  Plaintiff does not allege that eating meat is a fundamental tenet of Islam or that it "is required, mandatory, or compulsory."  *Benson v. Corr. Corp. of Am.*, No. 4:08cv49, 2009 U.S. Dist. LEXIS 69336, at *3 (N.D. Ohio July 14, 2009).  Plaintiff alleges only that he is required to eat a Halal diet that does not contain blood, alcohol, pork, or any other meat that is not slaughtered according to Islamic law.  (Doc. 4 at ¶ 11).  Vegetarian meals are Halal.  Therefore, Plaintiff cannot establish that his ability to practice his religion has been substantially burdened because he is served vegetarian meals.

Next, Plaintiff must show that his ability to practice his religion has been substantially burdened because he is served a vegetarian meal.  Plaintiff argues that a purportedly vegetarian diet may still contain products that would be prohibited haram,

such as gelatin or other emulsifiers. (Doc. 19 at PageID 230). However, Plaintiff never actually alleges that he has been served gelatin or emulsifiers or that he is forced to eat gelatin or emulsifiers. Plaintiff's complaint is completely devoid of any allegation that the vegetarian meals are not in fact vegetarian because they contain animal by-products. Vague and conclusory allegations are insufficient to state a claim that Plaintiff's religion has been substantially burdened. Moreover, while Plaintiff alleged in his injunction briefing that ODRC's food contractors cross-contaminate the vegetarian meals at WCI, these facts were not alleged in the complaint and are now irrelevant since Plaintiff is no longer housed at WCI.[6] (Doc. 13 at 11). Therefore, Plaintiff fails to allege that ODRC policy substantially burdens his religious practices.

Finally, Defendant argues that serving Plaintiff vegetarian meals is the least restrictive means toward furthering a compelling government interest. While the Defendant acknowledges that "accommodating Robinson may be a manageable burden," serving the entire Muslim inmate population a Halal diet is cost prohibitive, and ODRC has a compelling interest in managing its budget and controlling its food service costs. (*See* Doc. 13 at PageID 192-194). "While [RLUIPA] adopts a 'compelling governmental interest' standard, 'context matters' in the application of that standard." *Cutter*, 544 U.S. at 723.

For these reasons, Plaintiff cannot state a plausible claim for relief under RLUIPA.

---

[6] Plaintiff was required to file a motion to amend on or before June 4, 2014 and did not do so. (*See* Doc. 17).

### C. Equal Protection

To state a claim for an Equal Protection violation under the Fourteenth Amendment, Plaintiff must allege that Defendant treated similarly situated individuals in a disparate manner. *Gillard v. Norris*, 857 F.2d 1095, 1100 (6th Cir. 1988). The unequal treatment must be the result of intentional and purposeful discrimination. *Abdullah*, 1999 U.S. App. LEXIS 1466 at 5. Plaintiff argues that Defendant violated the Equal Protection clause "by granting kosher meals to Jewish inmates while denying Halal meals to Muslim inmates." (Doc. 1-2 at PageID 15).

First, Defendant did not deny Plaintiff a Halal diet – he is served a vegetarian diet that is Halal. Second, these classes of inmates (Jewish v. Muslim) are not similarly situated because they differ greatly in number.[7] Third, Defendant has articulated legitimate and compelling reasons for the policy. *See, e.g.*, *Patel v. U.S. Bureau of Prisons*, 515 F.3d 807, 815–16 (8th Cir. 2008) (concluding that prisoner's equal protection claim failed because he had not shown that the prison's decision to serve kosher entrees and not Halal entrees was motivated by intentional or purposeful discrimination). Therefore, Plaintiff fails to state a claim for relief under the Equal Protection Clause of the Fourteenth Amendment.

---

[7] There are currently 136 inmates with an approved kosher meal accommodation. (Doc. 9, Ex. 4 at ¶ 3). The annual cost of serving these kosher inmates is $16,425.00. (*Id.*) There are 2,639 inmates who have declared their religion as Muslim. (*Id.* at ¶ 6). The projected annual cost of providing three Halal meals from ARAMARK to Muslim inmates per day is $10,836,394.00. (*Id.* at ¶ 7). The projected annual cost of providing two Halal meals (excluding the breakfast meal) is $7,224,263.00. (*Id.*)

Plaintiff's complaint simply alleges that his constitutional rights were violated because his requests for a Halal diet were denied.  (Doc. 4 at ¶¶ 8-14).  Since the Sixth Circuit has expressly determined that vegetarian meals are Halal, this Court finds, as a matter of law, that Plaintiff's constitutional rights have not been violated.

## IV.  CONCLUSION

Accordingly, based on the foregoing, Defendant's motion for judgment on the pleadings (Doc. 18) is **GRANTED**, and Plaintiff's claims are **DISMISSED** as a matter of law.  The Clerk shall enter judgment accordingly, whereupon this case will be closed in this Court.

**IT IS SO ORDERED**.


Date:  10/6/14                                    *s/ Timothy S. Black*
                                                 Timothy S. Black
                                                 United States District Judge

11